UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN WARREN RIVERS, BOP #45526-298,<br><br>  Plaintiff,<br><br>vs.<br><br>XAVIER BECERRA, Attorney General of California, et al.,<br><br>  Defendants. | Case No.: 3:20-CV-0580 JLS (AHG)<br><br>**ORDER: (1) DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS; AND (2) DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A(b)**<br><br>(ECF Nos. 2, 6) |

On February 5, 2020, Melvin Warren Rivers ("Plaintiff"), currently incarcerated at the Federal Correctional Institution, Mendota located in Mendota, California, and proceeding pro se, filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 in the United States District Court for the Northern District of California. *See* Compl., ECF No. 1. On March 26, 2020, the case was transferred to this Court. *See* ECF No. 8. In addition, Plaintiff has submitted two Motions to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a), one on February 5, 2020 (ECF No. 2) and one on March 5, 2020 (ECF No. 6).

///

///

## I. Plaintiff's Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400. *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

Plaintiff has submitted two IFP motions, one dated January 30, 2020 (ECF No. 2), and one dated February 24, 2020 (ECF No. 6). Plaintiff has also submitted a prison certificate authorized by a FCI Mendota accounting official which shows that Plaintiff carried an average monthly balance of $2,013.00 and average monthly deposits of $82.00 for the preceding six months. *See* ECF No. 6 at 5.

In this matter, Plaintiff has not shown the indigence required to proceed IFP. The partial filing fee in this case would be $402.60, which exceeds the fee required by 28 USC § 1914(a). Therefore, because Plaintiff has shown that he is able to pay the filing fee in total, Plaintiff's Motions to Proceed IFP (ECF Nos. 2, 6) are **DENIED**.

## II.     Screening of Complaint pursuant to 28 U.S.C. § 1915A

While Plaintiff has been denied leave to commence this civil action without prepayment of the $400 civil filing fee required by 28 U.S.C. § 1914(a), and his case requires dismissal for that reason alone, the Court elects to conduct a sua sponte review of Plaintiff's pleading because he was "incarcerated or detained in any facility [and] is accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program" at the time he filed this action. *See* 28 U.S.C. § 1915A(a), (c).

Section 1915A, also enacted as part of PLRA, requires sua sponte dismissal of prisoner complaints, or any portions thereof, which are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1764 (2015); *Resnick v. Hayes*, 213 F.3d 443, 446–47 (9th Cir. 2000). "The purpose of § 1915A is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted.)

Screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief

[is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### A. *Plaintiff's Allegations*

In his complaint, Plaintiff challenges the constitutionality of California Penal Code § 647(b), which prohibits prostitution. Cal. Penal Code § 647(b). Plaintiff claims § 647(b) violates the United States Constitution's Establishment Clause because private, consensual adult sex for compensation has been criminalized under pressure from religious leaders. *See* Compl. at 2–3. Plaintiff seeks declaratory and injunctive relief. *Id.* at 4.

### B. *Standing*

In order to bring a case in federal court, a Plaintiff must demonstrate he or she has "standing." U.S. Const., Art. III; *Clapper v. Amnesty Intern. U.S.A.*, 568 U.S. 398, 408 (2013). The United States Supreme Court has explained the concept of standing as follows:

> To establish Article III standing, an injury must be concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling. Although imminence is concededly a somewhat elastic concept, it cannot be stretched beyond its purpose, which is to ensure that the alleged injury is not too speculative for Article III purposes—that the injury is certainly impending. Thus, we have repeatedly reiterated that "threatened injury must be certainly impending to constitute injury in fact, and that [a]llegations of possible future injury" are not sufficient.

*Clapper*, 568 U.S. at 409 (internal citations and quotations omitted).

More specifically, the Supreme Court has addressed the concept of standing in the context of a challenge to a criminal statute:

> When contesting the constitutionality of a criminal statute, it is not necessary that [the plaintiff] first expose himself to actual arrest or prosecution to be entitled to challenge [the] statute that he claims deters the exercise of his constitutional rights. When the plaintiff has alleged an intention to engage in a course of

> conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder, he should not be required to await and undergo a criminal prosecution as the sole means of seeking relief. But persons having no fears of state prosecution except those that are imaginary or speculative, are not to be accepted as appropriate plaintiffs. When plaintiffs do not claim that they have ever been threatened with prosecution, that a prosecution is likely, or even that a prosecution is remotely possible, they do not allege a dispute susceptible to resolution by a federal court.

*Babbit v. United Farm Workers Nat. Union*, 442 U.S. 289, 298–99 (1979) (internal citations and quotations omitted).

Plaintiff has not alleged "an intention to engage in a course of conduct" which is proscribed by California Penal Code § 647(b) and which is "arguably affected with a constitutional interest." *Id.* Rather, he claims in the abstract that California Penal Code § 647(b) represents an unconstitutional establishment of a religious judgment which criminalizes consensual, adult sex for compensation. *See* Compl. at 3. This is insufficient to establish he has standing to challenge California Penal Code § 647(b) in this Court by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

Accordingly, the Court finds Plaintiff's Complaint fails to state any § 1983 claim upon which relief can be granted, and that it must be dismissed sua sponte and in its entirety pursuant to 28 U.S.C. § 1915A(b)(1). *See Wilhelm*, 680 F.3d at 1121. Because Plaintiff is proceeding pro se, however, the Court, having now provided him with "notice of the deficiencies in his complaint," will also grant him an opportunity to fix them. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992)).

### III.   Conclusion and Orders

For the reasons set forth above, the Court:

1) **DENIES** Plaintiff's Motions to Proceed IFP (ECF Nos. 2, 6);

2) **DISMISSES** this action without prejudice for failure to pay the full statutory and administrative $400 civil filing fee required by 28 U.S.C. § 1914(a), and for failing to

state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1); and

    3) **GRANTS** Plaintiff forty-five (45) days leave from the date this Order is Filed in which to pay the $400 initial civil filing fee <u>and</u> file a First Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. CivLR 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987). Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177–79 (9th Cir. 1996).

If Plaintiff fails to file an Amended Complaint within the time provided, the Court will enter a final Order dismissing this civil action based both on Plaintiff's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b), and his failure to prosecute in compliance with a court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED**.

Dated:  May 27, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge