UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN WARREN RIVERS, BOP #45526-298,<br><br>                                                  Plaintiff,<br><br>vs.<br><br>XAVIER BECERRA, Attorney General of California, et al.,<br><br>                                                  Defendants. | Case No.:  3:20-cv-0580-JLS (AHG)<br><br>**ORDER: (1) DISMISSING AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915A; AND (2) DENYING MOTION FOR RECONSIDERATION AS MOOT**<br><br>(ECF No. 14) |

On February 5, 2020, Plaintiff Melvin Warren Rivers, currently incarcerated at the Federal Correctional Institution, Mendota ("FCIM") located in Mendota, California, and proceeding pro se, filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983 in the United States District Court for the Northern District of California. *See* Compl., ECF No. 1. On March 26, 2020, the case was transferred to this Court. *See* ECF No. 8.

In his original complaint, Rivers challenged the constitutionality of California Penal Code § 647(b), which prohibits prostitution. *See* Cal. Penal Code § 647(b). Rivers claimed § 647(b) violates the United States Constitution's Establishment Clause because private, consensual adult sex for compensation has been criminalized under pressure from religious

leaders. *See* Compl. at 2–3.  He sought declaratory and injunctive relief. *Id*. at 4. In addition, Rivers submitted two Motions to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a), one on February 5, 2020 (ECF No. 2) and one on March 5, 2020 (ECF No. 6).

On May 27, 2020, the Court denied both of Rivers's Motions to Proceed IFP because his most recent prison certificate, authorized by a FCI Mendota accounting official and submitted by Rivers, showed an average monthly balance of $2,013.00 and average monthly deposits of $82.00 for the preceding six months. *See* ECF No. 6 at 5; ECF No. 10 at 2–3. Thus, Rivers had not shown the indigence required to proceed IFP. *See* ECF No. 10 at 2–3.

The Court also dismissed the complaint pursuant to 28 U.S.C. § 1915A(b)(1) because Rivers had failed to state any § 1983 claim upon which relief could be granted. *See* ECF No. 10 at 3–6. Rivers had not established standing to challenge California Penal Code § 647(b) because he did not allege "an intention to engage in a course of conduct" which is proscribed by California Penal Code § 647(b) and which is "arguably affected with a constitutional interest." *Babbit v. United Farm Workers Nat. Union*, 442 U.S. 289, 298–99 (1979). He claimed only that, in the abstract, California Penal Code § 647(b) represented an unconstitutional establishment of a religious judgment which criminalizes consensual, adult sex for compensation, which was insufficient to establish he had standing to challenge California Penal Code § 647(b) in this Court by way of a civil rights complaint pursuant to 42 U.S.C. § 1983. *See* Compl. at 3. Rivers was given 45 days to pay the $400 filing fee and to file an Amended Complaint. *See* ECF No. 10 at 5–6.

On June 26, 2020, Rivers filed a First Amended Complaint ("FAC") and a Motion to Reconsider the denial of his Motion to Proceed IFP. *See* ECF Nos. 13, 14.

**I.  Screening of Complaint pursuant to 28 U.S.C. § 1915A**

Rivers has not qualified to proceed IFP, nor has he paid the $400 filing fee. The complaint is subject to dismissal on that ground alone. *See* 28 U.S.C. § 1914(a); *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177

(9th Cir. 1999). Nevertheless, the Court will also screen the complaint pursuant to Section 1915A, which requires *sua sponte* dismissal of prisoner complaints, or any portions thereof, which are frivolous, malicious, or fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b); *Coleman v. Tollefson*, 135 S. Ct. 1759, 1764 (2015); *Resnick v. Hayes*, 213 F.3d 443, 446–47 (9th Cir. 2000). "The purpose of § 1915A is to 'ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted.)

Screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

A.   *Plaintiff's Allegations*

Plaintiff again seeks to invalidate California Penal Code § 647(b) on grounds that it violates the Establishment Clause of the First Amendment. FAC at 1. Seeking to cure the issue of standing raised by the Court in it May 27, 2020 Order dismissing his case, Rivers now alleges that he "wish[es] to engage in sexual activity for hire and . . . desires to procure the services of an erotic service provider in the privacy of his own residence . . . ." *Id.*

///

///

B.    *Establishment Clause*

An Establishment Clause analysis requires examination of three criteria: "First, the statute must have a secular legislative purpose; second, its principal or primary effect must be one that neither advances nor inhibits religion, [and] finally, the statute must not foster an excessive government entanglement with religion." *Lemon v. Kurtzman*, 403 U.S. 602, 612–13 (1971); *Freedom From Religion Found., Inc. v. Chino Valley Unified School Dist. Board of Education, et al.*, 896 F.3d 1132, 1149 (9th Cir. 2018) (stating that "[t]he *Lemon* test remains the dominant mode of Establishment Clause analysis"). The test is "sequential." *Freedom From Religion*, 896 F.3d at 1149. "[I]f the action fails the first prong of *Lemon*, we need not analyze prongs two and three." *Id.* (citing *Edwards v. Aguillard*, 482 U.S. 578, 583–85 (1987)). The Court in *Freedom From Religion* discussed the first prong of the *Lemon* test as follows:

> [G]overnment action violates the first prong of *Lemon* when the government's predominant purpose is to advance or favor religion. *Id.*; accord *Trunk v. City of San Diego*, 629 F.3d 1099, 1107 (9th Cir. 2011). A secular purpose for the action may not be "merely secondary to a religious objective," and it must "be genuine, not a sham." *McCreary Cty.*, 545 U.S. at 864, 125 S.Ct. 2722. We evaluate purpose from the standpoint of an observer cognizant "of the traditional external signs that show up in the text, legislative history, and implementation of the statute, or comparable official act." *Id.* at 862, 125 S.Ct. 2722 (internal quotation marks and citation omitted). As such an observer, we possess a "reasonable memor[y]," cognizant of the "context in which [the] policy arose." *Id.* at 866, 125 S.Ct. 2722 (citation omitted).

*Id.*

Rivers's allegation that California Penal Code § 647(b) violates the establishment clause does not survive the first prong of the *Lemon* test because the "predominant purpose" of § 647(b) is not to "advance or favor religion." *Id.* "The legislative purpose in proscribing solicitation for prostitution is to eliminate prostitution and its intended evils." *Leffel v. Municipal Ct.*, 54 Cal.App.3d 569, 576 (1976). According to a 2012 report

4

3:20-cv-0580-JLS (AHG)

prepared for the United States Department of Justice, Office of Justice Programs, sexual exploitation of women and young girls, the spread of sexually transmitted diseases, and increased crime are among those "intended evils." *See* Shively, Michael, et al., *A National Overview of Prostitution and Sex Trafficking Demand Reduction Efforts*, Report for The National Institute of Justice 10–17 (2012).  Nothing in the wording or intent of the statute advances or favors religion, nor is the secular purpose of the statute "merely secondary to a religious objective" or a "sham." *Freedom From Religion*, 896 F.3d at 1149.

Accordingly, the Court finds Rivers's FAC fails to state any § 1983 claim upon which relief can be granted, and that his FAC must be dismissed sua sponte in its entirety pursuant to 28 U.S.C. § 1915A(b)(1).  *See Wilhelm*, 680 F.3d at 1121.  Further, the Court finds granting further leave to amend to state an Establishment Clause claim as to California Penal Code § 647(b) would be futile.  *See Gonzalez v. Planned Parenthood*, 759, F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)).

## II. Motion for Reconsideration

Rivers has filed a Motion to Reconsider this Court's denial of his Motion to Proceed IFP.  *See* ECF No. 14.  In it, he states that prison staff at FCIM erroneously filled out his trust account statement to reflect that the average monthly deposits into his trust account was $2,103.00.  *Id.*  Rivers claims that the $2,103.00 figure reflects the total of all deposits into his account for the last six months, not the average monthly deposit.  *Id.*

"A Rule 59(e) motion may be granted if '(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law.'" *Ybarra v. McDaniel*, 656 F.3d 984, 998 (9th Cir. 2011) (quoting *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir. 2001)).  This type of motion seeks "a substantive change of mind by the court," *Tripati v. Henman*, 845 F.2d 205, 206 n.1 (9th Cir. 1988) (quoting *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 526 (9th Cir. 1983)), and "is

an extraordinary remedy which should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999). Rule 59(e) may not be used to "'relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Stevo Design, Inc. v. SBR Mktg. Ltd.*, 919 F. Supp. 2d 1112, 1117 (D. Nev. 2013) (quoting 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2810.1 (2d ed. 1995)).

While Rivers has provided new information regarding the funds in his trust account, the Court **DENIES** the motion for reconsideration as moot because, as discussed above, the case must be dismissed pursuant to 28 U.S.C. § 1915A.

### III.   Conclusion and Orders

For the reasons set forth above, the Court:

1) **DISMISSES** this action without leave to amend for failing to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915A(b)(1); and

2) **DENIES** Plaintiff's Motion for Reconsideration.

**IT IS SO ORDERED**.

Dated:  August 26, 2020

Hon. Janis L. Sammartino
United States District Judge